**SO ORDERED.**

**SIGNED this 09 day of April, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| KAREN LYNELLE WILLIAMS, | CHAPTER 7 |
| | CASE NUMBER: 09-07968-8-RDD |
| DEBTOR | |

| | |
|---|---|
| GEORGE M. OLIVER, CHAPTER 7 TRUSTEE, | ADVERSARY PROCEEDING NUMBER: 09-00279-8-RDD |
| Plaintiff | |
| v. | |
| MAURICE L SMITH, TRUSTEE, | |
| and | |
| LOCAL GOVERNMENT EMPLOYEES' FEDERAL CREDIT UNION, Beneficiary under that Deed of Trust Recorded at Book 1764, Page 876, Pitt County Register of Deeds | |
| Defendant(s) | |

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

Pending before the Court is the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law filed by George M. Oliver, the Chapter 7 Trustee, on December 30, 2009 (the

"Trustee's Motion"), the Defendants' Motion for Summary Judgment filed by Maurice L. Smith and Local Government Employees' Federal Credit Union (collectively, the "Defendants") on January 20, 2010 (the "Defendants' Motion")[1], and the Defendants Maurice L. Smith, Trustee, and Local Government Employees' Federal Credit Union's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment (Amended) filed by the Defendants on January 25, 2010 (the "Defendants' Memorandum"). The Court conducted a hearing in Wilson, North Carolina on March 2, 2010 to consider the Trustee's Motion, the Defendants' Motion, and the Defendants' Memorandum.

## DISCUSSION

On September 15, 2009, Karen Lynelle Williams (the "Debtor") filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On September 15, 2009, George M. Oliver was duly appointed the Chapter 7 Trustee by Order of this Court (the "Trustee").

On December 31, 2009, the Trustee filed this adversary proceeding seeking to invalidate the Deed of Trust, recorded in Book 1764 at Page 876 of the Pitt County Register of Deeds (the "Deed of Trust"), to avoid any liens created by the Deed of Trust, and to establish that the obligation due on the underlying obligation, upon which the Deed of Trust was based, is an unsecured obligation of the Debtor. The Defendants argue that the Deed of Trust should not be invalidated in that it properly identifies the underlying obligation and the Deed of Trust is properly recorded.

---

[1] Attached to the Defendants' Motion is the Affidavit of Charles Thomas Steele, Jr. In Opposition to Plaintiff's Motion for Summary Judgment and In Support of Defendants' Motion for Summary Judgment as required by Bankruptcy Rule 7056.

## UNDISPUTED FACTS

On July 30, 2004, the Debtor executed a Capped Two-Year ARM Promissory Note to Local Government Employees' Federal Credit Union ("Credit Union") in the principal amount of eighty nine thousand nine hundred dollars ($89,900.00) (the "Note").

The Note is an adjustable rate note that provides for monthly payments in the amount of four hundred ninety six dollars and forty four cents ($496.44) commencing on September 1, 2004. The initial interest rate is five and twenty-five hundredths percent (5.25%) and commencing on August 1, 2006, the interest rate will be adjusted based on the Index as published by the Federal Reserve. The final payment due in connection with the Note must be made on or before August 1, 2034 and the Note is dated July 30, 2004.

On July 30, 2004, the Debtor also executed a Deed of Trust purporting to grant the Credit Union a security interest in the real property located at 2800 E. Mulberry Lane, Greenville, North Carolina 27858 (the "Deed of Trust").  The term "Note" is defined in the Deed of Trust as "the promissory note signed by Borrower and dated _____[this section was left blank]..."
The Deed of Trust was recorded on July 30, 2004.

The Deed of Trust and the Note contain consistent terms. Both documents provide that the Local Government Employees' Federal Credit Union is the lender which provided funds in connection with the underlying obligation.  The address for the lender and the address where payments were to be made are both the same.  Furthermore, the amount of the underlying obligation is shown on both documents to be eighty nine thousand nine hundred dollars ($89,900.00).  The Deed of Trust and Note state that the underlying obligation must be paid in full by August 1, 2034. Although the interest rate is not described in the Deed of Trust, the Debtor executed a Capped Two-

3

Year Arm Rider, that is recorded with the Deed of Trust in the Pitt County Register of Deeds, (the "Rider") setting forth the limitations for adjustment of the interest rate over the term of the loan. The terms of the Rider and the Note are consistent in that they both provide that the maximum interest rate variation is eight (8.0) percentage points over or under the initial interest rate, with the lowest possible interest rate of four and seventy-five hundredths percent (4.75%) and that the maximum change in the interest rate at any one time is one percent (1.0%). Lastly, Karen L. Williams executed both the Deed of Trust and the Note.

In addition, the Note provides in paragraph 10 that "[t]he indebtedness evidenced by this Note is secured by a Security Instrument of even date herewith and reference is made to the Security Instrument for rights as to acceleration of the Indebtedness evidenced by this Note." The Note is dated July 30, 2004, as is the Deed of Trust. Even though the date of the Note is not shown on the Deed of Trust, paragraph 10 links the two documents together based on the date of the Note.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving part. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate.

4

## **ANALYSIS**

The Trustee alleges that because the Deed of Trust fails to include the date of the underlying obligation as part of definition of "Note," the Deed of Trust is invalid as it does not properly identify the underlying Note. Therefore, the Trustee claims that since the Deed of Trust is invalid, the Defendants do not hold a valid security interest against the Real Property and the underlying obligation evidenced by the Note is, in fact, an unsecured obligation of the Debtor.

The Defendants dispute that the Deed of Trust is invalid. They argue the Deed of Trust is valid, has sufficient information to identify the underlying obligation, and was properly recorded. Furthermore, the Defendants argue that the Debtor properly listed the Credit Union on her schedules.

### **OMISSION OF A DATE IN DEFINITION OF TERM "NOTE" OF DEED OF TRUST DOES NOT INVALIDATE SECURITY INTEREST**

The Court firsts considers the issue of whether a deed of trust must include the date of the underlying obligation for proper identification. Relying on *Beaman v. Head (In re Head Grading Co., Inc.),* 353 B.R. 122 (Bankr. E.D.N.C. 2006), the Trustee argues that the omission of the date of the Note on the Deed of Trust invalidates the Deed of Trust because, without a date, the underlying obligation is not accurately identified and therefore, can be avoided pursuant to 11 U.S.C. § 541(a)(1).[2]

---

[2] Section 544(a)(1) of the Bankruptcy Code provides that the trustee "shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by...a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."

This Court recently considered the impact an omission of the date of the note on the deed of trust has on the validity of the deed of trust. *Beckhart v. Nationwide Trustee Services, Inc. (In re Beckhart)*, Adv. Pro. No. 09-00263-8-RDD (Bankr. E.D.N.C. April 4, 2010)(Doub, C.J.). In *Beckhart*, the Court found that the omission of the date of the note on the deed of trust does not summarily invalidate the deed of trust. *Id.* The Court looked to North Carolina law[3] and recognized that a deed of trust must specifically identify the underlying obligation on which its security interest is based.[4] *Id.* (citing *Head Grading,* 353 B.R. 122). The Court went on to say that there "are no specific requirements as to what information must be provided to properly identify an underlying obligation and the Court declined to establish a bright line rule that a lender must provide a date of the underlying obligation in a deed of trust for it to be valid. *Beckhart*, Adv. Pro. No. 09-00263-8-RDD.

In reaching its decision, the Court found that one must consider the language of the documents and the facts of each case to determine if the information provided in the deed of trust sufficiently describes the underlying obligation. *Id.* In this case, specific and accurate terms referencing the underlying Note are shown on the Deed of Trust.

---

[3] See *Beaman v. Head (In re Head Grading Co., Inc.),* 353 B.R. 122 (Bankr. E.D.N.C. 2006); *Putnam v. Ferguson*, 130 N.C.App. 95, 502 S.E.2d 386 (1998), *In re Foreclosure of Deed of Trust of Enderle,* 110 N.C. App. 773, 431 S.E.2d 549 (1993), *Walston v. Twiford*, 248 N.C. 691, 105 S.E.2d 62 (1958).

[4] In *Head Grading*, the date on the deed of trust and the date on the underlying note were contradictory and therefore, no obligation existed that was consistent with the date of the note shown on the deed of trust. 353 B.R. 122. In *Beckhart*, there were no inconsistencies or inaccuracies in the references to the underlying obligation that were set forth in the deed of trust. Adv. Pro. No. 09-00263-8-RDD (Bankr. E.D.N.C. April 4, 2010)(Doub, C.J.).

More specifically, the Deed of Trust provides the proper lender information; the correct amount of money lent pursuant to the Note; the same date the last payment is due under the Note; the signature of the same person on both the Note and the Deed of Trust; and the same reference to a minimum interest rate, maximum percentage amount the interest rate can increase at one time, and the maximum deviation that the interest rate can change from the initial interest rate. In addition, the Note, dated July 30, 2004, references a "Security Instrument of even date herewith" in paragraph 10. The Security Instrument, the Deed of Trust, is also dated July 30, 2004, the same date as the Note.

Based on the foregoing, the information related to the underlying obligation in the Deed of Trust is not contradictory to the identifying information in the Note. The Deed of Trust properly and accurately identifies the underlying obligation and thus, is a valid lien as a matter of law.

The Trustee's Motion for Summary Judgment is **DENIED** and the Defendant's Motion for Summary Judgment is **GRANTED.**

**SO ORDERED.**

**END OF ORDER**